IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 8 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-731-A |
| | § | (NO. 4:09-CR-003-A) |
| | § | |
| BLANCA VIRGEN | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Blanca
Virgen, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence. The government filed a response. Having now
considered all of the parties' filings, the entire record of this
case, and applicable legal authorities, the court concludes that
the motion should be denied.

I.

Background

Movant was initially tried on a one-count indictment of
conspiracy to distribute a controlled substance in violation of
21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. After the jury was
unable to reach a verdict, the government obtained a superseding
indictment that charged movant with the same count of conspiracy
as the previous indictment, and also charged her with one count
of maintaining drug-involved premises at her residence and one

count of maintaining drug-involved premises at a business.
A jury convicted movant of the conspiracy count and of
maintaining a drug-involved premises at her home, and acquitted
her on the charge of maintaining a drug-involved premises at a
business. The sentencing guidelines recommended a 720-month
sentence; however, the court sentenced movant to a below-
guideline-range aggregate sentence of 360 months, to be followed
by a five-year term of supervised release and a $50,000 fine.
The United States Court of Appeals for the Fifth Circuit
affirmed, United States v. Virgen, 2011 U.S. App. LEXIS 7290 (5th
Cir. Apr. 7, 2011), and the Supreme Court denied certiorari.

II.

## Grounds of the Motion

Movant asserted four grounds for relief. As the first
ground, movant alleges that she was denied effective assistance
of counsel because her trial attorney, Todd Durden ("Durden"):
(1) failed to interview and call as a witness movant's boyfriend,
who would have testified that movant was not involved in the
conspiracy; (2) did not properly object to the constructive
amendment of the indictment; (3) failed to object to the court's
failure to give a cautionary instruction on the government's
informant; (4) did not properly cross-examine the government's

2

witnesses; (5) did not allow movant to testify; (6) failed to properly argue for acquittal; and, (7) failed to move to dismiss based on violation of movant's right to a timely indictment.

As the second ground movant alleged that she was completely without counsel during debriefings and plea negotiations. Movant's third ground contends that Durden failed to properly explain the risks associated with proceeding to trial instead of pleading guilty, and that on counsel's advice, she rejected a ten-year plea agreement. Movant claims that had Durden properly advised her, she would have accepted the plea offer.

The fourth ground maintains that movant's appellate counsel, Chris Villermatte ("Villermatte"), was ineffective because he: (1) failed to properly argue the lack of transcripts for appeal purposes; (2) failed to raise the issue of the lack of a cautionary informant instruction; (3) failed to argue the violation of movant's right to a timely indictment; (4) failed to address the issue of a constructive amendment of the indictment; and (5) failed to properly argue insufficiency of the evidence.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A. <u>Applicable Legal Standards</u>

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). To prevail on such a claim movant must show (1) that counsel's performance was deficient, and (2) movant

4

was prejudiced by counsel's errors. Id. at 687. Prejudice means that movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697.

Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by Strickland as to any of her claims.

B.    Merits

    1.    First Ground

    Movant is entitled to no relief on her first ground because
all of her claims of ineffective assistance are either conclusory
or are contradicted by the record.

    Complaints of uncalled witnesses are disfavored in federal
habeas review because "the presentation of testimonial evidence
is a matter of trial strategy and because allegations of what a
witness would have testified are largely speculative." Boyd v.
Estelle, 661 F.2d 388, 390 (5th Cir. 1981). Movant must overcome
a "strong presumption" that the decision not to call her
boyfriend as a witness was a strategic one. Murray v. Maggio,
736 F.2d 279, 282 (5th Cir. 1984). To demonstrate prejudice
requires movant to show not only that her boyfriend's testimony
would have been favorable, but that he would have testified at
trial. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).
The Fifth Circuit has generally rejected claims of ineffective
assistance based on the movant's conclusory assertion of what the
uncalled witness would have said, absent any supporting
affidavits or other evidence. See, e.g., id. at 602-03; Sayre v.
Anderson, 238 F.3d 631, 636 (5th Cir. 2001). Here, movant has
provided the court with nothing but her conclusory assertion and

has offered no supporting evidence that her boyfriend would have testified at all or that such testimony would have been favorable to her case.

Three of movant's other claims under her first ground for relief also fail because they likewise offer nothing more than unsupported conclusory assertions, which are insufficient to establish a claim of ineffective assistance of counsel. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000). First, movant cannot prevail on her claim that counsel failed to object to the court's constructive amendment to the indictment because she fails to explain how the indictment was constructively amended or which count was so affected. Next, movant's claim that Durden failed to cross-examine witnesses fails because movant did not identify the witnesses that she believes were not properly cross-examined, nor does she identify the purported deficiencies or explain what Durden should have done differently that would have resulted in a more favorable outcome. <u>Id.</u>; <u>United States v. Holmes</u>, 406 F.3d 337, 361 (5th Cir. 2005) (conclusory assertion of improper cross-examination insufficient to sustain claim of ineffective assistance of counsel).

Third, movant cannot prevail on her claim that Durden failed to object to the lack of a cautionary instruction on the

informant. Not only is this claim conclusory, it is also belied by the record. The court's charge clearly instructed the jury that some of the witnesses were alleged accomplices who had entered into plea agreements which afforded them some leniency in exchange for their testimony and cooperation. Durden was not required to make a meritless objection. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).

Movant's claim that Durden failed to argue for acquittal is likewise foreclosed by the record, which shows that following the close of the government's case, Durden made a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Although the court denied the motion, Durden was not ineffective because he was unsuccessful. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

As to movant's claim that Durden failed to allow her to testify, the court recognizes that a criminal defendant has a constitutional right to testify on his or her own behalf. However, movant's claim, comprised of a single six-word sentence, is too vague and conclusory to state a constitutional violation. Movant does not even contend that she wanted to testify, nor does she identify the topics on which she would have testified or how such topics would have changed the outcome of the trial. Sayre,

238 F.3d at 635. Movant's conclusory assertion is insufficient to sustain a claim of ineffective assistance.

Finally, there is no merit to the contention under the first ground that Durden should have moved to dismiss based on movant's right to a timely indictment. Under 18 U.S.C. § 3161(b) an indictment must be returned within thirty days from the date of arrest. Movant was arrested in this action on September 19, 2008. On October 17, 2008, the parties filed a joint motion to continue the indictment deadline by ninety days because they were in the discovery and plea-negotiation process, which could impact the charges presented to the grand jury. Movant and her attorney signed the motion, along with counsel for the government. The United States Magistrate Judge signed the order on October 17, 2008, granting the government ninety days, or until January 15, 2009, to indict movant. Movant was indicted on January 6, 2009. Any motion to dismiss the indictment as untimely would have been meritless, and Durden was not required to raise such a motion. Emery, 139 F.3d at 198.

2.   Second Ground

The record fails to support movant's claim that she was left without counsel during debriefings and plea negotiations. Instead, the record shows that the Magistrate Judge appointed

9

attorney Carolyn Hill to represent movant at her initial
appearance. Hill remained movant's attorney until December 31,
2008, when the court granted Hill's motion to withdraw, and in
the same order, appointed Durden to represent movant. Durden
remained movant's attorney until he was granted permission by the
Fifth Circuit to withdraw, at a time when Villermatte had already
been appointed as appellate counsel. The record thus shows that
at no time was movant without counsel.

3.   Third Ground

Movant claims that she was offered a plea agreement of less
than ten years, but that on her attorney's advice, she rejected
the offer and proceeded to trial. Movant now claims that had
Durden properly advised her, she would have pleaded guilty
according to the terms of the plea offer.

Even assuming Durden was deficient in advising movant not to
plead guilty, movant must still show she was prejudiced by his
error. To prove prejudice under such circumstances, movant must
demonstrate "that but for the ineffective advice of counsel there
is a reasonable probability that the plea offer would have been
presented to the court . . . [and] that the court would have
accepted its terms. . . ." Lafler v. Cooper, ___ U.S. ___, 132
S.Ct. 1376, 1385 (2012). Movant cannot make the required showing

because she has not alleged, nor can she show, that the court would have accepted the terms of the alleged plea agreement.

Here, movant's total offense level was 43, and her criminal history category was I, leading to an imprisonment range of 720 months. During the sentencing hearing Durden asked the court to consider the 360-month sentence imposed on movant's co-defendant and to sentence movant proportionately. Upon consideration of Durden's request, the court, although hesitating and considering it might be "going too far," reduced movant's sentence to 360 months. Sentencing Tr. at 12. Given the undersigned's hesitation at imposing a sentence of 360 months, the court would not have accepted a plea agreement giving movant a sentence of less than 120 months. Accordingly, movant cannot establish prejudice because, as the record shows, the court would not have accepted a ten-year-or-less plea bargain in this case.

    4.    Fourth Ground

To prove that she was prejudiced by any errors of Villermatte on appeal, movant must show that "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999) (brackets in original) (internal citations omitted).

As with her other claims, movant has failed to make the required showing.

Villermatte raised an argument concerning the transcript for the second day of trial. The Fifth Circuit sustained a portion of the argument and remanded the case back to this court for a hearing to certify that the copy of the written jury charge included in the record had been read verbatim to the jury. Following remand Villermatte continued to press the transcript argument, which the Fifth Circuit rejected. Villermatte also raised the insufficiency of the evidence, but the Fifth Circuit also rejected that argument. Movant has failed to apprise the court of anything Villermatte could have done differently that would have changed the outcome of her appeal. Additionally, that Villermatte was unsuccessful in his efforts does not constitute ineffective assistance. Youngblood, 696 F.2d at 410.

As to the remaining three issues movant claims Villermatte failed to raise on appeal, the court has found those issues to be without merit with respect to Durden's performance. They are no less conclusory or meritless with regards to Villermatte. Failing to raise every non-frivolous issue on appeal does not constitute ineffective assistance. United States v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004).

V.

Order

Therefore,

The court ORDERS that the motion of Blanca Virgen to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 8, 2013.

JOHN McBRYDE
United States District Judge