

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 1 2015

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BLANCA VIRGEN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-731-A |
| | § | (NO. 4:09-CR-003-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the document filed by Blanca
Virgen ("Virgen") titled "PETITION TO RE-OPEN PURSUANT TO FCVR
[sic] RULE 60(b)(6), AND, RE-URGE HER PETITION FOR POST
CONVICTION RELIEF PURSUANT TO TITLE 28 USC 2255." The court,
having considered the motion, the government's response, Virgen's
reply, pertinent parts of the record in No. 4:09-CR-003-A, and
applicable authorities, finds that the motion must be denied.

I.

<u>Background</u>

Virgen was convicted of conspiracy to distribute a
controlled substance and of maintaining a drug-involved premises
at her home. The court sentenced her to a 360-month term of
imprisonment to be followed by a five-year term of supervised
release and a $50,000 fine. The judgment was affirmed on appeal.
<u>United States v. Virgen</u>, 2011 U.S. App. LEXIS 7290 (5th Cir. Apr.

7, 2011), and Virgen's petition for writ of certiorari was denied. Virgen v. United States, 132 S. Ct. 279 (2011).

On October 12, 2012, Virgen filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, which was assigned Civil Action No. 4:12-CV-731-A (the "§ 2255 motion"). By memorandum opinion and order and final judgment signed February 8, 2013, the court denied the relief sought. Virgen filed a pro se petition seeking certificate of appealability, which was denied.

## II.

### Grounds of the Motion

Virgen urges that the court should re-open and reconsider her § 2255 motion, because she has learned that the attorney she hired to represent her on appeal and to prepare the motion has since been retroactively disciplined for his handling of other matters unrelated to Virgen's case. She admits that she filed her § 2255 motion pro se, but complains that her attorney was to have prepared a memorandum to support the motion and failed to do so.

## III.

### Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

2

finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-65 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   <u>Legal Standard for Ineffective Assistance of Counsel Claim</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u>

_Missouri v. Frye_, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).
"[A] court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the
defendant as a result of the alleged deficiencies." _Strickland_,
466 U.S. at 697; _see also_ _United States v. Stewart_, 207 F.3d 750,
751 (5th Cir. 2000).  "The likelihood of a different result must
be substantial, not just conceivable," _Harrington v. Richter_, 562
U.S. 86 (2011), and a movant must prove that counsel's errors "so
undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result."
_Cullen v. Pinholster_, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011)
(quoting _Strickland_, 466 U.S. at 686). Judicial scrutiny of this
type of claim must be highly deferential and the defendant must
overcome a strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
_Strickland_, 466 U.S. at 689. Stated differently, the question is
whether counsel's representation amounted to incompetence under
prevailing professional norms and not whether it deviated from
best practices or most common custom. _Premo v. Moore_, 562 U.S.
115, 122 (2011).

C.    Rule 60(b)(6)

      Under Rule 60(b) of the Federal Rules of Civil Procedure, a
party may seek relief from a final judgment for six separate,

4

mutually exclusive reasons. <u>Hess v. Cockrell</u>, 281 F.3d 212, 215-16 (5th Cir. 2002). Movants under Rule 60(b)(6) bear a high burden to show extraordinary circumstances entitling them to relief. <u>Id.</u> at 216. A motion under Rule 60(b)(6) must be supported by adequate proof. <u>Allen v. Jacobson</u>, 82 F.R.D. 355, 357 (N.D. Tex. 1979).

In the context of a § 2255 motion, relief under Rule 60(b) is proper only if the movant shows some defect in the integrity of the underlying proceedings, as opposed to a complaint about the substance of the court's rulings. <u>In re Coleman</u>, 768 F.3d 367, 371 (5th Cir. 2014). A complaint about habeas counsel's omissions does not go to the integrity of the proceedings but is, in effect, an attempt to obtain a second review on the merits. <u>Id.</u> (citing <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 n.5 (2005)).

Here, the papers attached to Virgen's motion show that the discipline meted to her counsel is unrelated to her case. Moreover, she has not shown that her counsel abandoned her such that she was prevented from being heard. <u>See</u> <u>Wells v. United States</u>, No. 3:07-CV-1152-G, 2007 WL 2192487, at *4 (N.D. Tex. July 27, 2007). Virgen has not alleged any extraordinary circumstance that would entitle her to relief under Rule 60(b)(6). Thus, her motion must be denied. <u>Williams v. Thaler</u>,

602 F.3d 291, 312 (5th Cir. 2010)(ineffective assistance of counsel does not suffice to entitle relief under Rule 60(b)(6)).

D.   Merits

Even if Virgen had shown that she was entitled to relief under Rule 60(b), she still could not prevail. Virgen admits that only two of her grounds have conceivable merit. First, she says that she wanted to testify but was prevented from doing so by her counsel. She does not, however, present any evidence to support this ground. The court has no reason to believe that had Virgen testified, the outcome would have been any different. Second, Virgen argues that she would have entered into a plea agreement but for ineffective assistance of counsel. But, the plea to which she says she would have agreed would have been for a ten-year term of imprisonment. As the court noted in its ruling on Virgen's motion under § 2255, the court was hesitant to depart downward to a 360 month sentence. The court would not ever have agreed to accept the plea Virgen says was offered.

IV.

Order

For the reasons discussed herein,

The court ORDERS that Virgen's motion be, and is hereby, denied.

6

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 1, 2015.

_____
JOHN McBRYDE
United States District Judge